Vincent Lee FOREMAN, Petitioner—
Appellant,

v.

Gene M. JOHNSON, Director of the
Virginia Department of Correc-
tions, Respondent—Appellee.

No. 03–7522.

United States Court of Appeals,
Fourth Circuit.

Submitted July 28, 2004.

Decided Aug. 18, 2004.

Vincent Lee Foreman, Appellant pro se.
Robert H. Anderson, III, Office of the
Attorney General of Virginia, Richmond,
Virginia, for Appellee.

Before WIDENER, TRAXLER, and
GREGORY, Circuit Judges.

Dismissed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit. See Local Rule
36(c).

PER CURIAM.

■ Vincent Lee Foreman seeks to ap-
peal the district court's order accepting
the recommendation of the magistrate
judge and construing his motion under
Federal Rule of Civil Procedure 59(e) as
an unauthorized successive petition under
28 U.S.C. § 2254 (2000).* An appeal may
not be taken from the final order in a
habeas corpus proceeding unless a circuit

---

* By order filed April 5, 2004, this appeal was
placed in abeyance for *Jones v. Braxton*, No.
03–6891. In view of our recent decision in

*Reid v. Angelone,* 369 F.3d 363 (4th Cir.2004),
we no longer find it necessary to hold this
case in abeyance for *Jones.*

justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). When, as here, a district court dismisses a § 2254 petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). We have independently reviewed the record and conclude that Foreman has not made the requisite showing. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

■ Finally, in accordance with *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir.), *cert. denied*, —— U.S. ——, 124 S.Ct. 496, 157 L.Ed.2d 395 (2003), we construe Foreman's notice of appeal and informal brief as a motion for authorization under 28 U.S.C. § 2244 (2000) to file a successive habeas corpus petition. To obtain permission to bring a second or successive § 2254 petition, a movant must show that his claim: (1) "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2) relies on newly discovered facts that tend to establish the movant's innocence. 28 U.S.C. § 2244. We conclude that Foreman has not satisfied either standard.

Accordingly, we deny Foreman's implicit application for leave to file a successive § 2254 petition, deny Foreman's motion for certificate of appealability, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the ma-terials before the court and argument would not aid the decisional process.

*DISMISSED*